BEATRICE F. SWEET, Appellant, v. MERLE J. SWEET, Respondent.— Order unanimously modified in accordance with memorandum and as modified affirmed, with costs to appellant. Memorandum: Not only are the financial circumstances of the parties complicated and plaintiff's lack of knowledge about them well documented, but she also raises issues of ownership with respect to business interests that she seeks to have settled pursuant to section 234 of the Domestic Relations Law. Plaintiff having made a strong showing of circumstances indicating the necessity for disclosure of defendant's income and assets, and no special circumstances appearing indicating any impropriety in granting disclosure, such disclosure should be made by permitting (1) examination of defendant upon oral deposition concerning his income and finances, and (2) production of copies of joint income tax returns from 1968 to the present (see *Legname* v. *Legname*, 43 A D 2d 543; *Plancher* v. *Plancher*, 35 A D 2d 417, affd. 29 N Y 2d 880; *Burch* v. *Burch*, 18 A D 2d 964). Plaintiff's request to examine and audit all of defendant's financial records, both personal and corporate, is much too broad. Permission to examine and audit such records should await the disclosure of details on the EBT aided by use of the income tax returns. (Appeal from part of order of Monroe Special Term denying motion for examination before trial in divorce action.) Present — Marsh, P. J., Witmer, Simons, Mahoney and Goldman, JJ.